FILED

IN THE UNITED STATES DISTRICT COURT 92 OCT 28 AM 9:33
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MEYERS DIVISION

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS, FLORIDA

CASE NO.:

ROBERT E. LAING,

Plaintiff,

v.

R. TODD NEILSON, in his capacity as
the Trustee of the Chapter 11
Bankruptcy Estate of Reed E. Slatkin,
and Reed E. Slatkin,

Defendants.

_____/

2:02-cv-530-FtM-29DNF

## COMPLAINT

Plaintiff, Robert E. Laing (hereafter "Laing") by and through his attorneys, files this Complaint against defendant R. Todd Neilson, not in his individual capacity but in his capacity as the Trustee of the Chapter 11 Bankruptcy Estate of Reed Slatkin (hereafter "Neilson") and defendant, Reed E. Slatkin (hereafter "Slatkin"), and states as follows:

### ALLEGATIONS TO COMMON TO ALL COUNTS

#### The Parties

1.     Plaintiff Laing is a resident of Collier County, Florida and currently resides in Naples, Florida.

2.     Defendant R. Todd Neilson is a resident of the State of California. On May 1, 2002, Slatkin filed bankruptcy under Chapter 11 of the Bankruptcy Code. On May 16,

2001, the Honorable Robin Riblet ordered that a trustee be appointed and in the Chapter 11 proceeding, R. Todd Neilson was appointed the Chapter 11 Trustee.

### Jurisdiction and Venue

3.      This Court has jurisdiction to hear this case pursuant to 28 U.S.C. 1332 in that the plaintiff Laing is a resident of the State of Florida and defendants Slatkin and Neilson are residents of the State of California and the matter in controversy exceeds the sum or value of $75,000.

4.      Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. 1391 in that the defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority and the plaintiff resides within the Middle District of Florida.

### Allegations Common to all Counts

5.      Between 1986 and May 2002, Slatkin was a resident of Santa Barbara County, California. On March 26, 2002, Slatkin executed a Plea Agreement for Reed E. Slatkin (hereafter "the Plea Agreement") with the United States Attorneys Office for the Central District of California. As part of the Plea Agreement, Slatkin plead guilty to mail fraud, wire fraud, money laundering, and conspiracy to obstruct justice. Slatkin is currently incarcerated and awaiting sentencing.

6.      On or about January, 1996, Laing acted as a consultant to Earthlink, Inc., an internet service provider located in Pasadena, California assisting the company with securing certain pre-IPO financing. In exchange for his services, Laing received 72,888 shares of Earthlink common stock.

2

7.     Rather than hold the Earthlink stock in his own name, Laing agreed to have the stock transferred to Slatkin who was at that time a member of Earthlink's Board of Directors and at the same time a financial advisor to Laing.

8.     Prior to Earthlink's initial public offering but after Laing received his block of 72,888 shares of Earthlink common stock, the Board of Directors of Earthlink approved a 2:1 stock split which doubled to 145,776 the number of shares of common stock owned by Laing but held by Slatkin. After Earthlink went public, Earthlink's Board approved additional stock splits and/or stock dividends thereby increasing the number of shares held by all shareholders.

9.     At various times after receiving his initial block of Earthlink shares, Laing instructed Slatkin to sell some but not all of the Earthlink stock. Laing's general strategy was to sell those shares resulting from stock splits or dividends and retain his initial block of 72,888 shares of Earthlink stock.

10.     Each time Laing instructed Slatkin to sell certain blocks of the Earthlink shares, Slatkin would forward Laing a series of checks which would ultimately compensate Laing for the amount of the net proceeds from the various Earthlink stock sales.

11.     On or about January 13, 2000, Laing received the last check from Slatkin resulting from the sale of the Earthlink common stock. At that time, Slatkin still held shares of Earthlink stock owned by Laing.

12.     On or about February 2001, Laing instructed Slatkin to liquidate the remaining shares of Earthlink stock held in Laing's account with Slatkin. Despite this instruction, Slatkin never sold any remaining shares.

3

13.     Immediately after his appointment as Chapter 11 Trustee of the Estate of Reed Slatkin, R. Todd Neilson acting is his capacity as the Trustee seized all of Laing's Earthlink common stock.

14.     Demand for the return of Laing's Earthlink stock has been made but notwithstanding, Neilson has failed to return the Earthlink stock.

## COUNT I - REPLEVIN
against Defendant, Neilson

15.     Plaintiff reincorporates and realleges paragraphs 1-14 as though fully set forth herein.

16.     This is an action to recover possession of 72,888 shares of common stock of Earthlink, Inc. (hereafter the "Earthlink Stock") owned by Laing and currently in the possession of Neilson.

17.     Laing has demanded the return of Laing's Earthlink Stock and Neilson detained the Earthlink Stock and has refused to return the shares to Laing.

18.     At the time Neilson seized plaintiff's Earthlink Stock on or about June, 2001, it was worth just under $1,000,000.

19.     Laing is entitled to possession of the 72,888 shares of Earthlink Stock currently being held by Neilson.

20.     To the best of plaintiff's knowledge, the certificates representing ownership of the shares are located in the office of Neilson.

21.     Laing's shares of Earthlink Stock are being improperly held by Neilson and Neilson may engage in conduct which may transfer the shares thereby making it even more difficult for Laing to regain possession of the Earthlink Stock.

22.    The Earthlink Stock which is the subject of this Count are not being held for a tax, assessment or fine pursuant to law, nor have they been taken under an execution or attachment against Laing's property.

Wherefore, Robert E. Laing demands judgment for possession of the Earthlink Stock against defendant R. Todd Neilson not in his individual capacity but in his capacity as the Trustee of the Chapter 11 Bankruptcy Estate of Reed E. Slatkin, for damages for the detention of it, and as part of that Judgment prays that this Court to grant the following additional relief:

(a)    enter an order requiring defendant R. Todd Neilson not in his individual capacity but in his capacity as the Trustee of the Chapter 11 Bankruptcy Estate of Reed E. Slatkin to return to the plaintiff Robert E. Laing the 72,888 shares of Earthlink stock.

(b)    a judgment for an amount equal to the damages incurred by plaintiff Robert E. Laing as a result of the loss of use of the 72,888 shares of Earthlink stock;

(c)    any other relief deemed appropriate under the circumstances.

### COUNT II - CONVERSION
Against Defendant, Neilson

23.    Plaintiff reincorporates and realleges paragraphs 1-14 as though fully set forth herein.

24.    Neilson is currently in the possession of 72,888 shares of Earthlink stock which are owned by Laing.

25.    Plaintiff has demanded the return of the 72,888 shares of Earthlink stock but as of the filing date of this complaint, Neilson has failed to do so.

26.     Neilson has interfered with the dominion of the true owner of the 72,888 shares of Earthlink stock, has wrongfully deprived Laing of his ownership rights in his Earthlink stock and has deprived Laing of the actual and beneficial ownership of the shares.

27.     Neilson refused to respond to Laing's attorney's letter seeking return of Laing's 72,888 shares of Earthlink stock and wilfully and maliciously retained the stock without providing plaintiff with a legally justifiable reason for the seizure and/or retention of the stock.

Wherefore, Robert E. Laing demands judgment in his favor and against R. Todd Neilson not in his individual capacity but in his capacity as the Trustee of the Chapter 11 Bankruptcy Estate of Reed E. Slatkin for compensatory damages and any other relief deemed appropriate under the circumstances.

### COUNT III - ACCOUNTING
against Defendants Neilson and Slatkin

28.     Plaintiff reincorporates and realleges paragraphs 1-14 as though fully set forth herein.

29.     Slatkin agreed to hold 72,888 shares of common stock of Earthlink, Inc. for the benefit of Laing beginning in approximately February 1996. At various times thereafter, the Board of Directors of Earthlink agreed to certain stock splits or dividends which increased the total amount of Earthlink shares owned by Laing and held by Slatkin.

30.     At various times after Laing placed the 72,888 Earthlink shares with Slatkin, Laing instructed Slatkin to sell certain blocks of the Earthlink shares and Laing received certain checks from Slatkin as payment for the liquidated shares. In instructing Slatkin to sell

6

blocks of Earthlink shares, Laing never instructed Slatkin to sell all of the his shares of Earthlink stock.

31.    At various times while Laing's 72,888 Earthlink shares were held by Slatkin, the Board of Directors of Earthlink approved stock splits and or dividends which increased the number of shares owned by Laing and held by Slatkin.

32.    By this action, Laing seeks an equitable accounting of the number of shares of Laing's Earthlink stock that were sold by Slatkin at the instruction of Laing and the total number of shares that remain in Slatkin and/or Neilson's possession as of the date of this complaint.

Wherefore, plaintiff Robert E. Laing hereby moves this Court for an Order including the following relief:

(a)    An accounting of all Earthlink stock owned by Robert E. Laing and currently held by R. Todd Neilson not in his individual capacity but in his capacity as the Trustee of the Chapter 11 Bankruptcy Estate of Reed E. Slatkin and/or Reed E. Slatkin from January 1996 to present;

(b)    An order requiring R. Todd Neilson not in his individual capacity but in his capacity as the Trustee of the Chapter 11 Bankruptcy Estate of Reed E. Slatkin and/or Reed E. Slatkin to turn over all Earthlink stock transfer records, records of all stock trading accounts which held Earthlink shares owned by Slatkin and/or Robert E. Laing, including all records relating to taxes paid by Slatkin relating to the sale or other disposition of Earthlink stock.

(c)    Compensatory damages; and

(d)    Any further relief this Court deems just and equitable.

## COUNT IV - DECLARATORY JUDGMENT
against Defendants, Neilson and Slatkin

33.    Plaintiff reincorporates and realleges paragraphs 1-14 as though fully set forth herein.

34.    Plaintiff seeks a declaratory judgment pursuant to Federal Rule of Civil Procedure 56 outlining the status, amount and title to any and all shares of Earthlink stock that were or are owned by Laing and have been held at any time between January 1996 and the present by Slatkin, including but not limited to those Earthlink shares held by Neilson and/or Slatkin.

35.    A justiciable controversy exists between the Laing and Slatkin and Neilson regarding the ownership of Earthlink shares previously sold by Slatkin and additional shares now held by Neilson and/or Slatkin, the total number of shares now owned by Laing and held by Neilson and/or Slatkin and if such shares are found to be the property of Laing, the amount Laing should be compensated for the improper seizure of such shares by Neilson.

Wherefore, Robert E. Laing hereby moves this Court for an declaration regarding the following:

(a)    the total number of Earthlink shares if any owned by Laing and held by Slatkin and or Neilson not in his individual capacity but in his capacity as the Trustee of the Chapter 11 Bankruptcy Estate of Reed E. Slatkin from January, 1996 to present;

(b)    the number of shares sold by Slatkin on behalf of Laing from January 1996 to present;

(c)    the amount of the proceeds due to Laing from Slatkin and/or Neilson not in his individual capacity but in his capacity as the Trustee of the Chapter 11 Bankruptcy Estate of Reed E. Slatkin based upon the sale if any of Laing's Earthlink shares;

8

(d)     the number of remaining Earthlink shares if any owned by Laing that presently remain in the possession of Neilson not in his individual capacity but in his capacity as the Trustee of the Chapter 11 Bankruptcy Estate of Reed E. Slatkin and/or Slatkin;

(e)     the amount if any that Slatkin and/or Neilson not in his individual capacity but in his capacity as the Trustee of the Chapter 11 Bankruptcy Estate of Reed E. Slatkin is obligated to pay Laing if any as a result of the retention by Slatkin and/or Neilson not in his individual capacity but in his capacity as the Trustee of the Chapter 11 Bankruptcy Estate of Reed E. Slatkin of Laing's Earthlink shares.

Dated: October 25, 2002

Respectfully submitted,

By: _____
/ GAYLE E. MILLER
Florida Bar No: 351628
Trial Attorneys for Plaintiff
201 S. Biscayne Blvd., Ste. 400
Miami, FL 33131
Telephone: (305) 374-3330
Facsimile: (305) 374-4744
E-Mail: gemiller@arnstein.com

::ODMA\MHODMA\MIAMI;45808;1

9